NOT DESIGNATED FOR PUBLICATION

No. 124,321

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFRY ALBERT EVERETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Smith District Court; PRESTON PRATT, judge. Opinion filed September 16, 2022. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM: A jury convicted Jeffry Albert Everett of possession of methamphetamine with the intent to distribute, possession of drug paraphernalia, and unlawfully operating a vehicle without a tag light. He now raises three issues on appeal: (1) the jury instruction given which allowed the jury to infer intent to distribute if it found Everett possessed 3.5 grams or more of methamphetamine was legally inappropriate and denied him a fair trial; (2) the district court failed to provide lesser included offense instructions for possession of less than 3.5 grams of methamphetamine; and (3) appointed counsel provided ineffective assistance by pursuing a guilt-based defense without his express approval.

1

After a review of the record, we affirm Everett's convictions as to all three issues. Although the inference instruction was not legally appropriate, Everett has not sustained his burden to establish clear error. The lesser included offense instructions were not factually appropriate, and we decline to review his claims of ineffective assistance of counsel as unpreserved.

FACTUAL AND PROCEDURAL BACKGROUND

Everett was stopped by law enforcement officers on October 24, 2020, while driving his vehicle with an inoperative tag light. During the traffic stop, the officers searched his vehicle and deployed a canine to search the vehicle.

During the search, officers discovered a pipe used for inhaling methamphetamine protruding from a blue pouch behind the driver's seat stuck between it and the center console. Inside the blue pouch five plastic bags were discovered with two bags containing drug-like white substances. The first bag weighed around 2 grams. The second bag weighed about 14 grams. The substance was field tested and confirmed as methamphetamine. The Kansas Bureau of Investigation (KBI) later tested and confirmed the substance in the second bag to be 13.34 grams of methamphetamine. Furthermore, an additional 29 empty plastic bags, similar to the ones containing the methamphetamine, were located inside the vehicle along with a digital scale. The officers found six cell phones in a bag on the backseat of the vehicle. With these phones, the cell phone Everett had in his possession at the time of the traffic stop, and another six cell phones located throughout the vehicle, a total of 13 cell phones were present in the vehicle. Everett was arrested on site and taken into custody.

About a week later, officers conducted a recorded interview with Everett. When officers asked Everett about the drugs during the interview, Everett repeatedly told the officers it was possible that the methamphetamine and the pipe found in the vehicle were

2

his, but he did not definitively confirm that he possessed the drugs the officers retrieved because they were not shown to him. Everett stated that there should be around a 1/2 ounce of methamphetamine within the vehicle. Everett also stated that the blue pouch containing the pipe and drugs was not his and that he was not aware where it came from but did not deny that it was in the vehicle and that the drugs and pipe inside were possibly his.

When asked during the interview about the multiple cell phones found in the vehicle, Everett said he usually goes through a lot of phones but, again, he did not confirm that all the cell phones were his. Everett told the officers that the vehicle was not registered under his name but that he was using the vehicle and making payments to purchase it. He claimed that the scale and clear bags found in the vehicle were for selling gold, specifically gold coins and flake that were retrieved from the vehicle.

Everett admitted to the interviewing officers that he is a drug user and that he had some methamphetamine for personal use. He also stated that on occasion he sometimes shared drugs with other people.

The State charged Everett with unlawful possession of methamphetamine with the intent to distribute, possession of drug paraphernalia with intent to use it for distribution, criminal use of a weapon, unlawful possession of drug paraphernalia for personal use, and operating a vehicle without a tag light. The district court held a jury trial during which four witnesses testified for the State. The State also showed the recording of Everett's interview with the officers to the jury during trial. The charge of criminal use of a weapon was later removed from the jury instructions as it was dismissed. The jury convicted Everett on all remaining charges and Everett was sentenced to 123 months in prison.

Everett timely appeals.

ANALYSIS

As noted, Everett presents three issues on appeal:  (1) the legality of the inference instruction to the jury; (2) whether the district court erred by failing to provide a jury instruction on lesser included offenses; and (3) whether Everett's trial counsel's guilt-based defense strategy constituted ineffective assistance of counsel and deprived him of the right to a jury trial. We address each issue in turn.

THE INTENT TO DISTRIBUTE INSTRUCTION DID NOT RESULT IN CLEAR ERROR

Everett first argues that the district court erred when it provided an instruction to the jury stating that if it found him to have possessed more than 3.5 grams of methamphetamine, it could infer that he possessed the drugs with the intent to distribute. The instruction at issue, jury instruction No. 7, is identical to Kansas Pattern Instruction (PIK) Crim. 4th 57.022 (2013), which states:

"If you find the defendant possessed 3.5 grams or more of methamphetamine, you *may infer* that the defendant possessed with intent to distribute. You may consider the inference along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden of proving the intent of the defendant. This burden never shifts to the defendant." (Emphasis added.)

As authority, this pattern instruction cites K.S.A. 2021 Supp. 21-5705(e), which provides in pertinent part:  "In any prosecution under this section, there shall be a *rebuttable presumption* of an intent to distribute if any person possesses the following quantities of controlled substances or analogs thereof: . . . (2) 3.5 grams or more of heroin or methamphetamine." (Emphasis added.)

4

Everett argues the instructional inference regarding intent to distribute is legally inappropriate considering recent Kansas Supreme Court precedent finding the pattern instruction sets out a permissive inference, while the statute provides a rebuttable presumption. See *State v. Holder*, 314 Kan. 799, 502 P.3d 1039 (2022). He also contends the other evidence regarding intent to distribute was sparse and entirely circumstantial, so instructing the jury regarding the presumption was clear error. The State argues any error is not clear error, because the evidence in this case was overwhelming and, therefore, even an erroneous instruction would have made no difference in Everett's conviction.

*Legal framework*

When analyzing jury instruction issues, our appellate courts adhere to the following framework:

> """First, [the reviewing court] considers the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; next, it applies unlimited review to determine whether the instruction was legally appropriate; then, it determines whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and finally, if the district court erred, this court determines whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).""" *State v. Valdez*, 316 Kan. 1, 6, 512 P.3d 1125 (2022).

But, if the defendant failed to object to the instructional error before the district court, rather than using the harmless error standard, the "'clear error standard is applied to assess prejudice.'" 316 Kan. at 6 (quoting *State v. Owens*, 314 Kan. 210, 235, 496 P.3d 902 [2021]). In this vein, a failure to object below does not prevent appellate review, but "simply specifies a higher degree of prejudice to warrant reversal." *Valdez*, 316 Kan. at 6.

5

An instructional error equates to clear error if "'"the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility that the jury would have returned a different verdict."'" *Reardon for Estate of Parsons v. King*, 310 Kan. 897, 902, 452 P.3d 849 (2019) (quoting *Siruta v. Siruta*, 301 Kan. 757, 772, 348 P.3d 549 [2015]).

*Preservation*

The parties each maintain this issue was not properly preserved for appeal and, therefore, the clear error standard should apply. Defense counsel did object to this instruction at trial by stating, "Well, Your Honor, obviously we wouldn't want the jury to infer that. I think it's pretty clear in [the previous instruction] what is needed, what the elements are of the intent to distribute with just the weight being there." But counsel did not specifically object that the instruction differed from K.S.A. 2021 Supp. 21-5705(e), which is the primary error being raised through this appeal. We agree the precise alleged error raised on appeal differs from the objection made at trial and will apply the clear error standard as a result.

*The permissive instruction was legally inappropriate but does not amount to clear error.*

Finding the issue reviewable, we must then determine whether the instruction was legally and factually appropriate, using an unlimited standard of review of the entire record. *State v. Holley*, 313 Kan. 249, 254, 485 P.3d 614 (2021). As noted, the language of Instruction No. 7 given by the district court is identical to PIK Crim. 4th 57.022, and the corresponding statute is found at K.S.A. 2021 Supp. 21-5705(e).

The Kansas Supreme Court reviewed this same pattern instruction in two recent decisions: *Valdez* and *Holder*. In *Holder*, our Supreme Court found this pattern instruction to be legally inappropriate because the altered version of the presumption

6

presented does not "fairly and accurately reflect the applicable law specified by K.S.A. [2021] Supp. 21-5705(e), when measured narrowly against that statute." 314 Kan. at 806. Additionally, the *Holder* court found the instructed permissive inference "was not only unmoored from any statutory basis, its 450-gram threshold [for marijuana] had no connection to the evidence." 314 Kan. at 806. In *Holder*, the jury was informed "out of left field" that the possession of a threshold amount of marijuana could support an intent-to-distribute inference, despite that the evidence showed the presence of a much larger quantity of drugs, and no other evidence "explained why a 450-gram threshold" would trigger the inference in that case. 314 Kan. at 806-07.

For the reasons discussed in *Holder*, the court in *Valdez* similarly found the same permissive inference instruction to be legally inappropriate. The statute supplies a rebuttable presumption of intent to distribute when certain quantities of a controlled substance are found in the defendant's possession (see K.S.A. 2021 Supp. 21-5705[e]), while the pattern instruction provides only a permissive inference. PIK Crim. 4th 57.022 ("may infer"). Put simply: "'A rebuttable presumption has a different legal effect than a permissive inference.'" *Valdez*, 316 Kan. at 8 (quoting *Holder*, 314 Kan. at 806.)

The pattern instruction reflected in Instruction No. 7 of the instant case is identical to that used in *Valdez* and *Holder*, and carries the same legal flaw declared by the Supreme Court. Consequently, the instruction was legally inappropriate because it failed to "fairly and accurately reflect" the language of the applicable law. *Holder*, 314 Kan. at 806.

Finding the instruction legally inappropriate and noting neither party argues the factual appropriateness of the instruction, we next examine whether the instructional error meets the threshold of clear error. That is—are we firmly convinced that, had the legally inappropriate instruction not been given, the jury would have reached a different verdict as to Everett's possession with intent to distribute? The burden is on Everett to establish

7

such clear error. *Holder*, 314 Kan. at 807 (citing *State v. Gentry*, 310 Kan. 715, 721, 449 P.3d 429 [2019]).

Everett initially argues the instruction inappropriately led the jury to infer his possession of the drugs, despite a lack of evidence, then guided the jury to improperly infer an intent to distribute based on that possession. We disagree on both accounts.

First, Everett argues that the instructional presumption allowed the jury to inappropriately infer his possession of the methamphetamine when the State's evidence was "circumstantial at best." We do not reach the same conclusion, because the record demonstrates ample evidence showing that Everett had possession of the drugs.

The State's witness, Officer Sheldon Kenworthy, testified that at the time of the traffic stop, methamphetamine and drug paraphernalia were found in the vehicle Everett was driving. During the police interview, Everett stated that the methamphetamine discovered in the vehicle was "possibly" his, but he could not say for certain because he was not shown the drugs found in the vehicle. When asked about the amount of methamphetamine in the vehicle, Everett stated there would be around less than a 1/2 ounce, approximately 14 grams. The KBI's test results confirmed the substance found in the second bag from the vehicle was almost exactly what Everett predicted—13.34 grams of methamphetamine. Everett also stated during the police interview that he was a drug user and he sometimes shared drugs with other people. And, Everett confirmed that he had possession of the vehicle, despite the title not being in his name, because he was making payments on the vehicle.

The evidence showed Everett knew about the methamphetamine in the vehicle. At the time of the traffic stop, he was in possession of the vehicle in which he had control and access to the drugs. For these reasons, the fact-finder did not need to infer from the given instruction that Everett had possession of the drugs because the evidence

8

sufficiently showed as much. After review of the record, we find the jury would have reasonably concluded without a reasonable doubt that Everett had possession of the drugs at the time of his arrest.

Next, Everett argues the presumption instruction may have interfered "with the critical question of whether [he] intended to distribute *all or most* of the" drugs found in the vehicle. He argues the State "presented ample evidence that [he] was a drug *user*" (emphasis added), which does not necessarily infer he intended to distribute the drugs. Everett contends it was unknown whether he intended to distribute any specific part of the methamphetamine because he was personally using and sharing the drug, so one or more jurors could have formed reasonable doubt regarding distribution.

Everett also distinguishes the facts here from those in *Holder*. In *Holder*, the defendant possessed more than 57 times the threshold drug amount to support the instructional inference, and the State presented no evidence of Holder's personal drug use, making the inference of distribution stronger. See *Holder*, 314 Kan. at 807. But here, the State provided evidence of the presence of just approximately 15 grams of methamphetamine—slightly over 4.5 times the threshold for the inference to apply. Everett maintains because he admitted personal use, and the State presented only minimal direct evidence of possession, without the instructional presumption one or more jurors could have formed a reasonable doubt regarding Everett's intent to distribute.

But the evidence presented at trial was sufficient to support a finding of intent to distribute notwithstanding the instructional inference. Everett was found in possession of several items of drug paraphernalia at the time of his arrest. The officers retrieved a pipe from the vehicle and one baggie containing 2 grams of methamphetamine, which might alone suggest personal use. But the officers also retrieved from the vehicle a second baggie containing almost 14 grams of methamphetamine, 29 empty baggies—identical to the other two which contained methamphetamine—a digital scale, and 13 cell phones.

9

State's witness, Undersheriff Christopher Bailey, testified that based on his training and experience, this amount of methamphetamine coupled with the other evidence found suggested that Everett had the intent to distribute. Additionally, one of the State's witnesses testified that based on his experience, Everett's action of counting with his fingers during the police interview appeared as if he were counting how much methamphetamine he had distributed to other people.

"Circumstantial evidence and the logical inferences properly drawn from that evidence can be sufficient to support a conviction even for the most serious crime." *State v. Chandler*, 307 Kan. 657, 669, 414 P.3d 713 (2018). And, there is no requirement that the State prove a specific quantity of drug Everett intended to distribute—only the quantity he possessed. See *State v. Scheuerman,* 314 Kan. 583, 590-92, 502 P.3d 502 (2022). The jury found Everett to be in possession of the methamphetamine and was able to review the evidence presented and find a logical connection between the possession and the intent to distribute, even without the inference instruction.

Furthermore, when considering the instruction, the jury was allowed to credit or reject the inference provided in the instruction based on whether the State met the burden of proving that Everett possessed the methamphetamine with the intent to distribute. Because the district court informed the jury they could reject the inference, and the burden never shifted to the defendant to prove the elements of the crime, there is no reasonable probability that the instruction would have mislead the jury. See also *State v. Kriss*, 232 Kan. 301, 304-05, 654 P.2d 942 (1982) ("Because [a] permissive [inference] leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.").

10

As a result, Everett's claim that Instruction No. 7 misled the jury to draw an improper inference of the intent to distribute which was disconnected from the evidence is unpersuasive. Everett has not sustained his burden to establish clear error, and we are "'convinced beyond a reasonable doubt that the error complained of did not affect the outcome of the trial in light of the entire record . . . .'" *Holder*, 314 Kan. at 808.

THE DISTRICT COURT DID NOT ERR BY FAILING TO PROVIDE LESSER INCLUDED OFFENSE INSTRUCTIONS FOR POSSESSION WITH INTENT TO DISTRIBUTE

Everett next contends that the district court erred when it failed to give jury instructions for lesser degrees of the charged offense, possession with intent to distribute. Everett admits he did not request the instructions or object to their omission during trial, so this court reviews the instructional issue for clear error consistent with the legal framework outlined above. K.S.A. 2021 Supp. 22-3414(3); see *State v. Butler*, 307 Kan. 831, 845, 416 P.3d 116 (2018). Under this framework, the trial court's failure to give a legally and factually appropriate instruction is reversible only if its failure was clearly erroneous. *Butler*, 307 Kan. at 845.

The "clearly erroneous" principle is not a standard of review, i.e., a "framework for determining whether error occurred." Instead, it supplies a basis for determining if an error requires reversal of a conviction. *State v. Lewis*, 299 Kan. 828, 856, 326 P.3d 387 (2014); *State v. Williams*, 295 Kan. 506, 510, 286 P.3d 195 (2012).

Pursuant to K.S.A. 2021 Supp. 21-5109(b)(1), a crime is a lesser included crime if it is "a lesser degree of the same crime." And an "'instruction on a lesser included crime is legally appropriate.'" *Gentry*, 310 Kan. at 721. The severity level of the crime of possession with intent to distribute methamphetamine is determined by the quantity of methamphetamine possessed by the defendant. K.S.A. 2021 Supp. 21-5705(d)(3) states, in pertinent part:

11

"Violation of subsection (a) with respect to material containing any quantity of . . . methamphetamine, as defined by subsection (d)(3) or (f)(1) of K.S.A. 65-4107, and amendments thereto, or an analog thereof, is a:

(A) Drug severity level 4 felony if the quantity of the material was less than 1 gram;

(B) drug severity level 3 felony if the quantity of the material was at least 1 gram but less than 3.5 grams;

(C) drug severity level 2 felony if the quantity of the material was at least 3.5 grams but less than 100 grams; and

(D) drug severity level 1 felony if the quantity of the material was 100 grams or more."

The jury convicted Everett under K.S.A. 2021 Supp. 21-5705(d)(3)(C), for a quantity of at least 3.5 grams but less than 100 grams. Possession with intent to distribute lesser amounts, such as at least 1 gram but less than 3.5 grams under K.S.A. 2021 Supp. 21-5705(d)(3)(B), or less than one gram of methamphetamine under K.S.A. 2021 Supp. 21-5705(d)(3)(A), are lesser degrees of the same crime for which Everett was convicted. Thus, the lesser included instructions for these violations were legally appropriate because either would have been a lesser degree of the crime with which he was charged. Finding the omitted instructions legally appropriate, the remaining question is whether the lesser included instructions would have been factually appropriate.

Everett argues that based on his admission of being a user of methamphetamine, "one or more jurors could have easily formed a reasonable doubt regarding *the amount* Mr. Everett intended to personally use and the amount he intended to share with his friends." Because lesser amounts are included in the amount found, Everett believes a jury could have found that he intended to only distribute some lesser amount than 3.5 grams of methamphetamine. Everett also argues that since he could have had the intent to use most of the methamphetamine himself, rather than distributing it, there is a

12

reasonable possibility that the jury could have reached a different verdict if instructed on the lesser degrees of the same crime.

In *State v. Palmer*, No. 110,624, 2015 WL 802733, at *7 (Kan. App. 2015) (unpublished opinion), another panel of this court rejected this very argument, stating:

> "K.S.A. 2014 Supp. 21-5705 only requires proof of the quantity of a controlled substance found in a defendant's possession, not the quantity that the defendant may have intended to distribute. Because Palmer did not possess less than 3.5 grams of methamphetamine, lesser included instructions corresponding to severity levels 3 and 4 possession with intent to distribute methamphetamine were not factually appropriate."

Everett cites to *State v. Scheuerman*, 314 Kan. 583, 591, 502 P.3d 502 (2022), wherein the Kansas Supreme Court discussed this court's holding in *Palmer*. But our high court only reviewed K.S.A. 2021 Supp. 21-5705 in the context of a challenge to the sufficiency of evidence. 314 Kan. at 591. The court specifically stated that "the test for the sufficiency of the evidence to support a conviction is distinct from—although related to—the 'factual appropriateness' test for the giving of lesser included offense instructions." 314 Kan. at 592. It neither overruled nor affirmed *Palmer*, but rather, left "for another day the matter of whether a specifically defined quantity of substance, alone, may constitute 'some evidence' that would *reasonably* justify a lesser included offense *instruction* under K.S.A. 22-3414(3)." *Scheuerman*, 314 Kan. at 592. Therefore, Everett's application of *Scheuerman* on this issue is out of context and inapplicable.

We find the reasoning and ruling of the panel in *Palmer* persuasive. K.S.A. 2021 Supp. 21-5705(e) does not prescribe any relevance to the quantity of the drug intended to be distributed. *Palmer*, 2015 WL 802733, at *4. Because Everett did not possess less than 3.5 grams of methamphetamine, the lesser included offense instructions corresponding to severity levels 3 and 4 under K.S.A. 2021 Supp. 21-5705(d)(3)(A) and (B) were not factually appropriate. Applying the analysis of the court in *Palmer*, the district court was

13

not required to deliver such instructions, and we find the district court did not clearly err by failing to provide them.

## WE DECLINE TO REACH WHETHER EVERETT'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE

Everett's final argument is that his trial counsel provided ineffective assistance of counsel by pursuing a guilt-based defense without his express permission. Everett's appointed defense counsel asked the trial court to give the jury a lesser included offense instruction for simple possession. In her closing argument, defense counsel asked the jury to "just convict my client of the possession charge" and "consider that my client might only be in possession as opposed to distribution . . . and consider this may be a possession case rather than a distribution case." And, trial counsel never asked the jury to find Everett not guilty in her closing argument. Everett admits, however, that he did not raise any issue about his counsel's apparent pursuit of a guilt-based defense on the record.

Because Everett did not raise this issue before the district court, the State contends that he is improperly raising this issue for the first time on appeal. The State also argues Everett never raised any disagreement with his trial counsel's strategy during the trial and that the record lacks any evidence of such claims.

Appellate courts generally will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019). The factual aspects of a claim of ineffective assistance of counsel require that the matter be resolved through a K.S.A. 60-1507 motion or through a request for remand to the district court for an evidentiary hearing under *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). An appellate court may consider a claim of ineffective assistance of counsel for the first time on appeal only when there are no factual issues,

14

and the two-prong ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record. *Salary*, 309 Kan. at 483-84.

If an appellant's claim of ineffective assistance of counsel cannot be resolved on the record, the appellate court is not obligated to sua sponte remand for a *Van Cleave* hearing when it has not been requested by the appellant. See *Mundy v. State*, 307 Kan. 280, 299-300, 408 P.3d 965 (2018).

Notably, Everett does not ask this court to remand for a *Van Cleave* hearing. Instead, he demands this court reverse the convictions and remand for a new trial because his claims his Sixth Amendment right to counsel and right to a jury trial were violated.

Unfortunately for Everett, the record is insufficient for this court to analyze this issue for the first time on appeal. Everett argues the record does not show he agreed to a guilt-based defense on the record, but he never claims he disagreed with his trial counsel's strategy or directs this court to any evidence of an earlier complaint.

The Kansas Supreme Court recently encountered a similar situation in *State v. Hilyard*, 316 Kan. 326, 2022 WL 3568416 (Kan. 2022). There, Hilyard likewise argued "there must be an adequate showing on the record that her trial counsel received her informed consent to pursue a guilt-based defense." 316 Kan. at 336.

But, as in the case before us, the record was devoid of any indication Hilyard objected to such a defense strategy. The Supreme Court notes:

> "Hilyard does not claim she objected to—or even complained of—a guilt-based defense. In fact, she may have consented to such a defense. Hilyard does not say, and we do not know. She argues simply that by judicial fiat we should create a rule which presumes

there is no consent to a guilt-based defense unless that consent is made on the record."
316 Kan. at 337.

Our Supreme Court found:

"The only dispute Hilyard offers is whether she consented to the guilt-based defense; if she told her attorney she did not want to use a guilt-based defense and they used one anyway, it would certainly be ineffective assistance of counsel. Without a rule requiring either on-the-record consent or on-the-record objection, an evidentiary hearing would be the proper avenue to determine whether Hilyard opposed her trial counsel's defense strategy. Quite simply, a claim of ineffective assistance of counsel for failure to obtain consent for a guilt-based defense must be proved below. It has not been. Hilyard did not ask for a remand for an evidentiary hearing in her appeal, which she states was an intentional choice. Both her brief and her reply brief argue that '[t]he only proper remedy is to reverse and remand for a new trial.' As this court demonstrated in [*State v. *]*Dull*, [298 Kan. 832, 317 P.3d 104 (2014)] absent a request from the defendant, it need not remand a case for an evidentiary hearing to resolve an ineffective assistance claim raised for the first time on direct appeal. *Dull*, 298 Kan. at 839-40.

"No remand for a *Van Cleave* hearing was requested and one will not be ordered sua sponte by this court.

"In sum, this issue is not preserved and we decline review." *Hilyard*, 316 Kan. at 339-40.

Everett directs us to an earlier Kansas Supreme Court case, *State v. Carter*, 270 Kan. 426, 14 P.3d 1138 (2000), and to the United States Supreme Court case of *McCoy v. Louisiana*, 584 U.S. ___, 138 S. Ct. 1500, 1508, 200 L. Ed. 2d 821 (2018). Both cases are distinguishable from the facts here. In *Carter*, the court reversed Carter's conviction and held that Carter's trial counsel effectively disregarded Carter's Sixth Amendment right to counsel and his due process right to a fair trial by presenting a guilt-based defense against Carter's wishes. 270 Kan. at 440-41.

16

But, unlike the case before us and unlike *Hilyard*, "the defendant in *Carter* maintained his total innocence and complained vociferously—on the record—more than once when his defense counsel attempted to use a guilt-based defense." *Hilyard*, 316 Kan. at 338. And because the record demonstrated Carter's complaints and the parties did not dispute counsel's actions, the record was sufficient to decide the issue on direct appeal. Therefore, "[t]he record in *Carter* established one of the 'extremely rare' times the ineffectiveness claim could be resolved when raised first on appeal." 316 Kan. at 338 (citing *Carter*, 270 Kan. at 432-33).

As in *Carter*, in *McCoy*, the United States Supreme Court found a defendant has the right to maintain innocence at the guilt phase of trial. 584 U.S. at ___. But unlike the facts before us, in *McCoy*, the defendant was "furious" regarding his counsel's planned concession to guilt and his attorney knew of his client's "complete opposition;" in fact, McCoy sought to terminate his attorney's representation as a result. 584 U.S. at ___.

Because factual issues remain unresolved in the record before us, this court cannot apply the ineffective assistance of counsel test as a matter of law based upon the appellate record. See *Wimbley v. State*, 292 Kan. 796, 807, 275 P.3d 35 (2011). As such, like the Kansas Supreme Court in *Hilyard*, we reject Everett's claim of ineffective assistance of counsel without remanding for a *Van Cleave* hearing.

For these reasons, this panel rejects Everett's ineffective assistance of counsel claim as unpreserved.

Affirmed.